UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL BRISTER** | : | **CIVIL ACTION NO. 13-CV-2849** |
| **#516036** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **BEAUREGARD PARISH JAIL, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Michael Brister (hereinafter "Brister"). At the time of filing, Brister was incarcerated at Tensas Parish Detention Center in Waterproof, Louisiana, but he complains of events that allegedly occurred while he was housed at Beauregard Parish Jail (hereafter "BPJ") in DeRidder, Louisiana. He has since been released from custody. Doc. 10, p. 1.

On October 15, 2014, this court filed a memorandum order [doc. 11] instructing Brister to provide additional information in support of his petition. He was instructed to respond to the order by November 14, 2014. *Id.* To date, he has not complied.

### I.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." Fed. R. Civ. P 41(b). Furthermore, district courts have the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Therefore and since Brister has failed to comply with an order of this court, **IT IS RECOMMENDED** that his petition be **DISMISSED** in accordance with the provisions of Federal Rule of Civil Procedure 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996),** *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE this 17th day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE